STATE, for the use of TOWNSEND *vs.* BARKLEY TOWNSEND and terre-tenants.

In a scire facias on a recognizance in the Orphans' Court, if all the terre-tenants be not summoned, the others may plead this in abatement.

The general appearance of counsel for all the defendants restricted to those for whom he was authorized to appear upon showing the mistake.

SCIRE FACIAS on a recognizance in the Orphans' Court, on the acceptance of lands. Sheriff returned " summoned Barkley Townsend the defendant, and Michael Stewart and Robert Houston terre-tenants." At the appearance term Mr. Ridgely marked his appearance generally and pleaded payment, on which issue was taken and the cause set down for trial at this term.

Robert Houston, one of the terre-tenants summoned, now filed an affidavit stating that there were other terre-tenants of lands bound by the recognizance besides Stewart and himself; that before the appearance term he had employed Mr. Frame as his counsel, and, as he supposed, as his attorney to appear to the suit; but from misunderstanding as to the extent to which Mr. Frame's services were engaged (it not being his custom to appear as attorney of record in Sussex county,) there had actually been no appearance for him. He now moved for leave to plead that there was another terre-tenant not served with the writ ; the object of the plea being to bring him in for contribution. (2 *Tidd Pr.* 1181, 2 *Saund. Rep.* 5, and onwards to 10.)

Mr. Ridgely stated that he had in fact only appeared for Stewart, though his name was marked generally.

The motion was opposed, on behalf of Caleb H. Ross, the terre-tenant not summoned.

*Rogers* and *Cullen*, of counsel for Ross:—

The application is for leave to insert an additional plea after issue joined, and the cause set down for hearing; a *dilatory* plea after *imparlance;* a plea in *abatement* after a plea in *bar*. It is subversive of the rules of pleading. *Chitty Pl.* 337; *Stevens on Pleading*, 477; *ib.* 484; *ib.* 100.

Neither is its object to effect justice. Barkley Townsend accepted his father's lands in the Orphans' Court, and entered into recognizance, with Robert Houston his surety, for the payment of distributive shares to the persons interested. After acceptance, Townsend sold one-half of these lands to Michael Stewart, and the other half to Robert Houston. But Barkley Townsend had other lands at the date of the recognizance, now belonging to Caleb Ross and which it is the object of this motion to charge.

A scire facias may be issued either against heirs and terre tenants generally without naming them; or the plaintiff may name them, and then he must name all, or the others may plead it in abatement. The judgment is that the writ abate. *Saund. Rep. p.* 7, *note* 4, *p.* 9, *note* 10. The scire facias here is general. It was served on the recognizor and two terre-tenants, who appeared generally and pleaded in bar. Now, Mr. Houston has either appeared or he has not. If he has appeared, he cannot now be permitted to change his defence: to plead a plea in abatement after a plea in bar, which is not admissible. If he has not appeared, he has at least had the benefit of an appearance so far as to prevent judgment going against him by default. If he be excused from the consequences of such appearance, he must waive the benefit of it, and we are entitled to judgment against him by default. Such judgment would not be taken off without an affidavit of merits, and it is not here pretended that there is any defence to the action; the sole object of the motion being to bring in another defendant for the purpose of contribution.

*Frame* and *Brinckloe*, in support of the motion:

There has been no imparlance here, nor plea on the part of Houston; not even an appearance. Neither is this an application for leave to amend pleadings. We might, perhaps now have marked an appearance and filed our plea without motion, the other side not having signed judgment against us for want of appearance. The sheriff was bound to summon all the terre-tenants. Having failed to do so, we only ask to show this as a matter material to the cause. The plea is now ready to be put in and will cause no delay.

And whence comes the opposition to this motion? From the terre-tenant not summoned; who is no party to the suit, and not entitled to object to this motion.

The court stopped Mr. Brinckloe.

*By the Court.*

J. M. Clayton, *Chief Justice.*—If the question now raised was raised for the first time, we would hear Mr. Brinckloe out, but it has been fully heard and decided. It falls within the case of the *State, use Godwin,* vs. *Collins,* 1 *Harr. Rep.* 216, which was fully argued and considered, and which settles the general principles applicable to amendments. And, as I was not then on the bench, I take this occasion to say that the decision there made meets my entire approbation.

Leave to amend is almost a matter of course if applied for at the earliest possible time, and no arts practised for delay. The constitutional injunction, as well as the purposes of justice, require liberality in amendments, so that causes may be determined on their merits. In this case how stands it? This is the first term. Houston swears he had spoken to and thought he had employed counsel, though Mr. Frame did not understand it so. Mr. Ridgely admits that he did not plead for Houston, and had not been employed by him. It is the case then, of a man who has not appeared; has not been heard; and the question is whether the purposes of justice demand that he be permitted to plead the matter which he proposes to plead.

But objections are made to the form of the plea. It is said that it is dilatory, a plea in abatement. It is true that we would not grant his motion for the purpose of creating delay, or admitting him to plead a frivolous plea. What is it here? Not any thing that creates delay or necessarily stops the action. Serjeant *Williams* says the plea does not necessarily conclude that the writ abate, (note 10,) but only that it be staid until the other terre-tenants be admitted. The party here applying has as yet made no defence. He has a right to be heard. We give no opinion on the question agitated as to the right to contribution, nor any opinion on any point in the cause other than that this defendant by his affidavit has shown that by no fault of his, but by mere mistake, he has not had the benefit of pleading to the cause, or of being heard, which is a right he has by the constitution and by the rules governing this court in relation to the amendment of pleadings.

Amendment allowed.

*Frame* and *Brinckloe,* for the motion.
*Rogers* and *Cullen,* contra.